**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

    v.

HECTOR PALERMO, et al.
               Defendants.

17 Cr. 290 (GHW)

---

**KHAALIQ HARRIS'S MEMORANDUM OF LAW**
**IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE***

Michael Tremonte
Heather Yu Han
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
E-mail: mtremonte@shertremonte.com

*Attorneys for Khaaliq Harris*

**PRELIMINARY STATEMENT**

Khaaliq Harris, by and through his undersigned attorneys, respectfully submits this memorandum of law in opposition to the government's November 1, 2018 motion *in limine*. Among other things, the government seeks to preclude the defense from (1) introducing evidence of the dismissals of certain prior state narcotics and/or firearm possession charges (while permitting the government to introduce those arrests as direct evidence of the crimes charged in this case); and (2) presenting evidence or making arguments regarding the potential penalties faced by the defendants. For the reasons set forth below, the government's motions should be denied.[1]

**ARGUMENT**

**I.   The Government Should Not Be Permitted to Introduce Evidence of Uncharged Narcotics Possession as to Mr. Harris**

The government seeks to introduce evidence of certain narcotics and/or firearms-related arrests that took place between 2014 and May 2017 as direct proof of the charged crimes in this case. The government has not identified the specific instances of arrest, if any, that it will seek to introduce as to Mr. Harris, and there is no arrest from the time period of the charged conspiracy that could be admitted as direct proof of Mr. Harris's alleged participation in the narcotics conspiracy charged in this case.

Mr. Harris has no prior record of firearms-related arrests, and his only drug-related arrest during the time period covered in the indictment is a 2015 arrest in New York for simple possession of marijuana, a violation under New York Penal Law. This charge was dismissed

---

[1]   The government also moves to permit certain undercover police officers to testify pseudonymously and in a closed courtroom. Mr. Harris has no objection to these motions so long as the government provides the true names of the officers to the defense for investigative purposes. To the extent the government has concerns about providing the names, we have no objection to an appropriate protective order.

1

when Mr. Harris pled guilty to a disorderly conduct charge (which is also a violation under New York law).

Mr. Harris's simple possession arrest in 2015 cannot fairly be introduced as direct proof of the charged narcotics conspiracy. Under the Second Circuit's test for admissibility, the government may not introduce uncharged conduct as direct evidence of the crimes charged unless such conduct (a) arose out of the same transaction or series of transactions as the charged offense; (b) is inextricably intertwined with the evidence regarding the charged offense; or (c) is necessary to complete the story of the crime on trial. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). None of these requirements are met as to Mr. Harris's prior arrest for marijuana possession.

The government charges Mr. Harris in this case with participation in a cocaine and heroin trafficking conspiracy that is completely separate and apart from his prior arrest for possession of marijuana. *See United States v. Barret*, No. 10-CR-809 (S-3) KAM, 2011 WL 6704862, at *6 (E.D.N.Y. Dec. 21, 2011), *aff'd*, 677 F. App'x 21 (2d Cir. 2017). Indeed, there is no indication that the prior simple possession arrest was in any way related to the conspiracy charged in this case, let alone "inextricably intertwined with" it. *Carboni*, 204 F.3d at 44. Moreover, the uncharged conduct of simple possession – even if involving the same type of controlled substance, which it does not here – is not direct proof of the charged conspiracy simply because it took place during the same time frame. *See United States v. Barret*, No. 10-CR-809 (S-3) KAM, 2011 WL 6704862, at *6 (E.D.N.Y. Dec. 21, 2011) (holding that defendant's prior "misdemeanor" conviction of possession of "limited quantity of marijuana" "within the time frame of the conspiracy" "is not probative of whether he possessed marijuana for purposes of distributing the same in furtherance of the charged conspiracy"). Lastly, the government has proffered no argument that the prior marijuana possession arrest – which was subsequently

dismissed – would be necessary to "complete the story" of any crime on trial. Accordingly, Mr. Harris's 2015 arrest has no probative value whatsoever and should not be admitted as direct proof of the charged conspiracy.

For similar reasons, the government should not be allowed to introduce Mr. Harris's 2015 arrest under Rule 404(b). *See* Gov't Mot. at 11 n. 6. Principally, a later-dismissed charge of marijuana possession is drastically different from the charged conspiracy and therefore fails Rule 404(b)'s similarity standard. *See United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charge[d]. There is no necessity for synonymy but there must be substantial relevancy." (alteration in original)). Nor does simple possession of marijuana tend to show knowledge or intent with respect to trafficking in cocaine and heroin. The only true purpose of such evidence would be as impermissible propensity evidence, for which it is plainly inadmissible.

Based on the foregoing, the Court should preclude the government from introducing evidence of Mr. Harris's 2015 arrest either as direct proof of the charged conspiracy or under Rule 404(b).

## II. If the Government Admits Evidence of the Arrest, Mr. Harris Is Entitled to Present Evidence of the Prior Dismissal of State Charges

Although "a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted," *United States v. Viserto*, 596 F.2d 531, 536–37 (2d Cir. 1979), the government cites no authority for its claim that there is an analogous bar to the introduction of evidence of the pre-trial dismissal of a charge. Nor is there any rational basis for precluding such evidence here, if the government is permitted to introduce Mr. Harris's prior arrest for marijuana possession. To the contrary, it would be overwhelmingly prejudicial and would deprive Mr. Harris of any opportunity to effectively rebut the inferences that the

3

government will seek to have the jury draw from the prior arrest.  The government effectively wants the jury to hear about a prior accusation of drug possession that was never sustained in any court of law.  To permit the introduction of such an accusation, without permitting Mr. Harris to attack its weight by demonstrating that the charge was dismissed, is fundamentally unfair and will confuse the jury.

### III. Mr. Harris is Entitled to Cross-Examine Cooperating Witnesses Regarding the Penalties Associated with the Charges They Face

The government moves to preclude the defendants from eliciting testimony or making arguments regarding the potential penalties they face.  Whatever the Court's ruling on that motion, Mr. Harris should not be precluded from exercising his rights under the Confrontation Clause to elicit from any cooperating witness the potential penalties he faces, information that goes the heart of that witness's credibility.  *See United States v. Larson*, 495 F.3d 1094, 1099, 1104 (9th Cir. 2007) (holding that "Defendants' Confrontation Clause rights were violated when the district court barred Defendants from questioning [a cooperating witness] about the mandatory life sentence that he faced in the absence of a motion by the Government to reduce his sentence" as that information "was clearly relevant to assessing his testimony, as it would reveal to the jury [the cooperating witness']s potential biases and motivations for testifying against Defendants").  Here, there is no plausible argument that the penalties a cooperating witness faces have no probative value as to that witness's credibility.  To the contrary, such evidence is highly probative as to the cooperating witness's credibility; indeed, it is critical to evaluating such a witness's incentive to lie.  *Id.*  Moreover, any risk of potential jury confusion or improper inference may be cured by an appropriate limiting instruction, in addition to the usual instruction on the topic, that specifically instructs the jury to limit its consideration of a

4

cooperating witness's testimony regarding his potential penalties for the sole purpose of evaluating the credibility of that witness.

## CONLUSION

For the foregoing reasons, the government's motion *in limine* should be denied.

Date:   New York, New York
        November 8, 2018

                                                        SHER TREMONTE LLP

                                                        /s/_____
                                                        Michael Tremonte
                                                        Heather Y. Han

                                                        90 Broad Street, 23rd Floor
                                                       Tel: 212.202.2600
                                                       Email: mtremonte@shertremonte.com

                                                       *Attorneys for Khaaliq Harris*